UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN FELICIANO,

      Petitioner,

      v.

WARDEN OF FCI-SCHUYLKILL,

      Respondent.

CIVIL ACTION NO. 3:24-cv-01427

(SAPORITO, J.)

## ORDER

Kevin Feliciano, incarcerated at Devens Federal Medical Center ("FMC Devens") in Ayer, Massachusetts[1], proceeds on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). Feliciano argues that the Bureau of Prisons ("BOP") has improperly deemed him ineligible to earn time credits under the First Step Act ("FSA") toward time in prerelease custody. For the reasons set forth below, the petition will be denied.

### I. BACKGROUND

In 2014, in the United States District Court for the Western District

---

[1] The Court's review indicates that Feliciano was moved to FMC Devens after filing this petition from USP Lewisburg in Lewisburg, Pennsylvania.

of New York, Feliciano pled guilty to one count of conspiracy to possess with intent to distribute 280 grams or more of cocaine base (21 U.S.C. § 846), and one count of using or carrying a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). He received consecutive sentences of 135 months on the drug charge and 60 months on the firearm charge, for a total aggregate sentence of 195 months incarceration. *See United States v. Feliciano*, No. 6:13-CR-06098 (Docs. 115, 118) (W.D.N.Y., Dec. 8, 2014). At the time of the BOP's response to his petition, his projected release date was March 10, 2027. (Doc. 8-2).

The BOP deemed Feliciano ineligible for FSA time credits, finding that his firearm conviction under 18 U.S.C. § 924(c) disqualified him. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii). In this petition, Feliciano argues that he should be deemed eligible to receive credits because "[Section] 924(c) is not a crime of violence unless the weapon was actively employed." Alternatively, he argues that because his drug conviction alone would not have disqualified him from FSA credits, and because he is serving that sentence consecutively with his firearm conviction, he should be permitted to earn FSA credits for some portion of his aggregate sentence.

- 2 -

## II.   DISCUSSION

The FSA permits eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive credits toward time in prerelease custody or supervised release. *See* 18 U.S.C. § 3632(d)(4). However, the statute lists certain convictions that make a prisoner ineligible to receive time credits. That list includes convictions under "Section 924(c), relating to *unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime.*" 18 U.S.C. § 3632(d)(4)(D)(xxii) (emphases added); *see* 18 U.S.C. § 924(c). Even accepting Feliciano's allegation that the weapon was not "actively employed," he is ineligible to receive FSA time credits. *See, e.g., Smith v. United States*, No. 3:25-CV-289, 2025 WL 2736916, at *1 (M.D. Pa. Sept. 25, 2025); *Mesa v. Barraza*, No. 3:23-CV-1209, 2023 WL 6609018, at *3 (M.D. Pa. Oct. 10, 2023).

Further, the fact that one of Feliciano's convictions was not a disqualifying offense does not entitle him to receive FSA credits for some prorated portion of his sentence. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."

18 U.S.C. § 3584(c). "Calculation of an inmate's term of imprisonment is widely recognized as an 'administrative purpose'." *Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (nonprecedential) (citations omitted). Therefore, "[c]ourts within and beyond this circuit have repeatedly held that when a prisoner is convicted and sentenced for disqualifying and non-disqualifying offenses, those sentences—regardless of whether they are ordered to run concurrently or consecutively—are properly aggregated and treated as a single sentence that is ineligible for application of FSA credits." *Ulloa v. Cruz*, No. 1:23-CV-0776, 2024 WL 1117092, at *2 (M.D. Pa. Mar. 14, 2024) (listing cases); *see also Sanders v. Warden LSCI Allenwood*, No. 1:26-CV-00885, 2026 WL 1113325, at *2-3 (M.D. Pa. Apr. 24, 2026).

III. CONCLUSION

Accordingly, it is hereby **ORDERED** that Feliciano's petition (Doc. 1) is **DISMISSED**. The Clerk is **DIRECTED** to close this case and serve a copy of this order on Feliciano at FMC Devens, his current place of incarceration.

Dated: May 6, 2026                    *s/Joseph F. Saporito, Jr.*
                                       JOSEPH F. SAPORITO, JR.
                                       United States District Judge